UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

SECURITIES AND EXCHANGE
COMMISSION,

         Plaintiff,

v.

THOUGHT DEVELOPMENT, INC., AND
ALAN G. AMRON,

         Defendants.

**CONSENT OF DEFENDANT THOUGHT DEVELOPMENT, INC.
TO FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF**

  1. Defendant Thought Development, Inc. waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over it and over the subject matter of this action.

  2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Thought Development admits), Thought Development consents to the entry of the Final Judgment of Permanent Injunction in the form attached (the "Final Judgment") and incorporated by reference herein, which, among other things permanently restrains and enjoins Thought Development from violations of Sections 5(a) and (c) of the Securities Act of 1933 ("Securities Act").

  3. Thought Development waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Thought Development waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Thought Development enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to Thought Development or to anyone acting on its behalf to induce Thought Development to enter into this Consent.

7. Thought Development agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Thought Development will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Thought Development waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to it of the Final Judgment's terms and conditions. Thought Development further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that it has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Thought Development in this civil proceeding. Thought Development acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Thought Development waives any claim of Double Jeopardy based upon the

settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Thought Development further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Thought Development understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

11. Thought Development understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that it neither admits nor denies the allegations." As part of Thought Development's agreement to comply with the terms of Section 202.5(e), Thought Development: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Thought Development does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Thought Development does not deny the allegations; and (iii) upon the filing of this Consent, Thought Development hereby withdraws any papers filed in this action to

the extent that they deny any allegation in the complaint. If Thought Development breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Thought Development's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Thought Development hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Thought Development to defend against this action. For these purposes, Thought Development agrees it is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Thought Development (i) agrees to make its representatives appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Thought Development's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Thought Development's travel, lodging, and subsistence expenses at the

then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Thought Development in any United States District Court for purposes of enforcing any such subpoena.

14. Thought Development agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Thought Development agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 9.16.2013

THOUGHT DEVELOPMENT INC.

By: ALAN G. AMRON
Chairman
Thought Development, Inc.
1580 Alton Rd.
Miami Beach, FL 33139

On SEPTEMBER 16, 2013, ALAN AMRON, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
Commission expires:

Approved as to form:

PHILIP JOSEPHSON, ESQ.

PHILIP JOSEPHSON
Notary Public - State of Florida
My Comm. Expires Jul 15, 2016
Commission # EE 211791

Attorney for Thought Development, Inc.
2980 McFarlane Road, Suite 204
Miami, Florida 33133

THOUGHT DEVELOPMENT, INC.
CERTIFICATE OF
CORPORATE RESOLUTION

I, Alan Amron, do hereby certify that I am an elected and qualified Officer of Thought Development, Inc. ("Thought Development"), a Delaware corporation, and that the following is a complete and accurate copy of a resolution adopted by the Board of Directors of Thought Development at a meeting held on Sept. 16, 2013, at which a quorum was present and resolved as follows:

RESOLVED: That Alan Amron, an Officer of this Corporation, be and hereby is authorized to act on behalf the corporation, and in his sole discretion, to negotiate, approve, and make the offer of settlement of the corporation, attached hereto, to the United States Securities and Exchange Commission ("Commission") in connection with the investigation conducted by the Commission; in this connection, the aforementioned Officer be and hereby is authorized to undertake such actions as he may deem necessary and advisable, including the execution of such documentation as may be required by the Commission, in order to carry out the foregoing.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

IN WITNESS WHEREOF, I have executed this Certificate as a sealed instrument this 16th day of September, 2013.

By: _____
ALAN AMRON
Chairman
Thought Development, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 14, 2013.

_____
Alan Amron